McKinney, J.,
delivered the opinion of the court.
This is an action of slander. The declaration contains four counts. The defendant was found guilty of speaking the words as charged in the third count, which are as follows,— “He had sworn to a lie,” and I can prove it by Jo. McClain and his books, (meaning the record books of the clerk of the county court of Wilson county,) meaning thereby to charge, that the plaintiff, in the taking of some lawful oath before the said Jo. McClain, clerk of the county court of Wilson county, that he, said plaintiff, had been guilty of perjury.”
The circuit court arrested the judgment, and the only question is, did the court err in doing so? We think not. It is well settled, that where the words are actionable in themselves, or where the slanderous imputation can be collected from the words themselves, no averment is necessary as to the circumstances to which the words refer. But where the words are not in themselves actionable, or do not in law import a slanderous charge, unless by reference to extrinsic circumstances, such circumstances must be distinctly averred in the declaration. To charge that the plaintiff had committed perjury, would be actionable in itself, because the charge implies the existence of every fact necessary to constitute that crime. But to charge that he “had sworn to a lie,” does not imply that he had committed any offence known to the criminal code, unless it be shown that such charge had reference to a false oath, wilfully taken in a regular proceeding before *216 some judicial tribunal, or functionary of the law, having competent power and authority to administer a lawful oath, and all this must be directly averred in the declaration. The words set forth in the third count of the declaration, not being actionable in themselves, are not shown to have become slanderous by proper averment of the extrinsic matter to which they are supposed to have had reference. The additional words used by the defendant, that he could prove the charge by Jo. McClain and his books, can have no effect whatever; nor is the defect aided by any thing contained in the innuendo, as it is called, if it were proper to look to that. The jurisdiction of the clerk of the county court to administer a lawful oath, is special, and very limited in its extent. To charge, in general terms, that a false oath was taken before him, is not even prima facie slanderous; to make it so, it must be shown, by direct averment, that the words had reference to a false oath taken before him, in some proceeding of which he had proper jurisdiction, and in respect to which he had lawful authority to administer an oath.
Upon this ground the judgment was properly arrested.
Judgment affirmed.